**Andrew GOTTLIEB and Jean Gottlieb, Individually and as the Natural Parents of Infants Dawn Gottlieb and Lee Gottlieb, Plaintiffs,**

v.

**The COUNTY OF ORANGE and Orange County Department of Social Services, Defendants.**

No. 93 Civ. 0466 (CLB).

United States District Court, S.D. New York.

April 25, 1995.

Nelson M. Farber, George Akst, Akst & Akst, New York City, for plaintiffs.

Phyllis Ingram, Mac Cartney, Mac Cartney, Kerrigan & Mac Cartney, Nyack, NY, for defendants.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

This case involves efforts of Orange County social workers to protect children of the plaintiff parents from abuse alleged by an informant to have occurred, and confirmed by statements of one of the children during

---

an interview at the child's school.[1] While no action was ultimately taken against the parents in this instance, this fact cannot be allowed by hindsight to create an inference of improper action in the first instance when the social workers were confronted by a potential emergency.

It is not apparent from the limited record before the Court that the suspicions of child abuse in this case were wholly without foundation. This Court does not, however, reach that issue herein, because the proper authority for such a determination, in this case the New York State Department of Social Services, Office of Administrative Hearings, has already done so, issuing a written decision on January 15, 1993 formally "expunging" the report because the Family Court had denied the application of the Orange County Department of Social Services for psychiatric and medical examinations of the child. (See Exhibit C, annexed to the complaint.) The Family Court had, in turn, based its denial of the application of the County upon the reports of the *parents'* experts which revealed no evidence of abuse, and the County's failure to seek its own independent examinations until three months later.[2] In denying this application, Judge Victor J. Ludmerer held that:

> "The Court believes that it is not in the best interests of the child to undergo any further examinations in connection with an event which is alleged to have occurred so long ago, especially when examinations have already been conducted and revealed no evidence of abuse."

See Order/Decision of the Family Court of the State of New York, County of Orange dated December 16, 1992, at p. 2, annexed as Exhibit B to the complaint.

In a Memorandum Order dated December 15, 1994 and reported at 871 F.Supp. 625 (S.D.N.Y.1994), familiarity with which is assumed and the content of which is not repeated here, the Court recognized that safeguards against intrusion into family life are critical, while at the same time, the authorities must have leeway to act when an emergency genuinely appears to exist. The Court found the individual defendants protected by qualified immunity. With respect to plaintiffs' claims against the County, the Court found insufficient evidence provided by any of the parties concerning whether or not the social workers had been given sufficient training to insure an adequate investigation prior to requesting the father to leave the house pending further inquiry. Rather than rule with finality on the basis of inadequate facts, the Court treated the County as having the initial burden of production on this matter in the summary judgment context (although not the ultimate burden of proof). The County's motion for summary judgment was provisionally denied without prejudice to renewal upon fuller factual presentation.

The County has taken advantage of the leave offered and has submitted ample evidence that detailed training of its social workers concerning the issues critical to the present situation was given, and policy guidance provided. The uncontradicted evidence submitted by the County makes it clear that it has accepted its responsibility to see that social workers making crucial decisions to protect children while avoiding unjustified intrusion into family life have adequate training to insure that their duties are implemented wisely and sensitively.

Exhibit M to the County's renewed motion sets forth measures to assure adequate investigation concerning informants. The social worker is instructed "to contact the source of the report because of ... knowledge of, and relationship to, the situation." Detailed instructions are given concerning interviewing of an alleged child victim:

1. The term "County" as used here refers to both the County of Orange and the Orange County Department of Social Services. The names of natural persons whose motions for summary judgment was granted are omitted.

2. The County claimed that its earlier October 1990 report had been withdrawn in November based upon an agreement between the respondent and the Department that the former's reports would be examined by the County's experts in January and February of 1991. After their review, the County's experts made the determination to perform independent examinations and filed an application dated June 10, 1991 seeking that relief.

"The CPS worker should be patient and flexible. Rapport can be established with the child by asking ... some general questions ... During the course of the interview, the ... caseworker should ask questions in a non-judgmental and supportive way to elicit information concerning the allegations."

Exhibit H indicates that course work concerning "Investigation Issues" consumed thirteen (13) hours for "active employees in all job units." Additional, "sexual abuse interviewing skills" in-person training consumed thirteen (13) hours, and "intervention in child sexual abuse," twelve (12) hours, and repetitions of the same subjects later in the training program consumed substantial additional time.

Plaintiffs have offered nothing to indicate that the training was perfunctory or that the instructions were ignored in the County's training programs. Instead, plaintiffs appear to rely on the truism that any submission could always have been even more detailed. Plaintiffs have not requested further discovery as permitted by Fed.R.Civ.P. 56(f). Since the plaintiffs have failed to provide any evidence which would establish the inadequacy of training, their due process claims must fail. *See Walker v. City of New York,* 974 F.2d 293 (2d Cir.1992).

Moreover, the plaintiffs' procedural due process claim has no foundation. Since the social workers believed they were acting to protect a child in accordance with their instructions, post-deprivation redress such as returning the child to the home or removing the threat of the child's removal satisfies procedural due process. *See Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

No force was employed nor judicial or administrative orders issued by the social workers or at their request in connection with the underlying events in this case. The parents were notified that the social workers would seek to remove the child involved if the father did not voluntarily and temporarily leave the house. However, at no time were the children removed from their home, nor were any disciplinary or criminal actions taken against the parents. An investigation of the charge was duly undertaken by the County, and the charge was ultimately dropped.

Plaintiffs argue that inadequate procedures exist to ensure the due process rights of a parent who is in effect forced to leave the home, as opposed to a parent whose child is taken from the home, in which case the procedural requisites of the Family Court Act apply. (*See* Transcript of hearing on April 25, 1995.) However, this Court need not address this essentially theoretical issue because in the instant case no damages to the plaintiffs have been shown; the father retained an attorney, secured the examiners of his choice, cooperated with the investigators, was allowed to return to the home, and ultimately had the charges expunged from the record. The results achieved through these cooperative efforts, which were entirely to the favor of the father, could not have been accomplished more to his liking through an adversarial court proceeding. There was no due process violation in this case; the Court so finds.

In so finding, this Court concludes, as it must, that the public policy in protecting children from child abuse outweighs any privacy interest of the family. The danger to an individual child, who may be the victim of abuse or neglect but has no means of protection or recourse to the authorities otherwise, is very real. This Court must uphold the increasing efforts to safeguard that child and countless others, and applaud good faith efforts of social workers and other members of the Department of Social Services to be vigilant to and aware of this often hidden problem. Their efforts should be encouraged and not hindered by their own fears of personal liability, or liability on the part of the County, in cases where for whatever reason the charges are later not pursued or are deemed unfounded; to hold otherwise would set a very dangerous precedent indeed. We note that the legislature of the State of New York, duly elected by the people, has also made that determination in promulgating its reporting mandates and in granting immunity for persons making such reports in good faith. (*See, e.g.,* N.Y. Social Services Law §§ 413(1), 419, 420.) Moreover, the requi-

sites of due process in investigating a report of abuse should adequately safeguard the rights of the parents and the family unit.

The County's motion for summary judgment dismissing the complaint is granted; plaintiffs' motion to restore the individual defendants to the case is denied. Summary judgment having now been granted to all defendants, the Clerk is directed to file a final judgment.

SO ORDERED.